UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN I. CAPTAIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARS NATIONAL SERVICES, INC., a )<br>California corporation, d/b/a Associates )<br>Recovery Systems, )<br>)<br>Defendant. ) | CASE NO. 1:05-cv-1515-DFH-TAB |

ENTRY ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Kevin I. Captain has sued ARS National Services, Inc. for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The alleged violations stem from ARS's attempts to collect a debt Captain owed Citibank. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ARS has moved to dismiss the complaint for failure to state a claim. For the reasons explained below, defendant's motion to dismiss is granted.

*Standard for Dismissal*

In ruling on a motion to dismiss under Rule 12(b)(6), the court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005). Under the liberal notice pleading allowed

in most federal civil actions, the plaintiff is entitled to the benefit not only of his allegations but of any other facts he might assert that are not inconsistent with the allegations of the complaint. See, *e.g.*, *Trevino v. Union Pacific Railroad Co.*, 916 F.2d 1230, 1239 (7th Cir. 1990) (reversing dismissal). Defendants are entitled to dismissal only where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). Nevertheless, a plaintiff may still plead himself out of court if the complaint includes particulars that show he cannot possibly be entitled to the relief he seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994).

*Factual Allegations*

Accordingly, for purposes of deciding the motion to dismiss, the court must assume that the following factual allegations are true. Citibank contracted with ARS to collect debts owed to Citibank. In an attempt to collect a debt Captain owed Citibank, ARS sent an initial form collection letter on June 14, 2005. The letter included an offer that would enable Captain to settle his account for 70% of the balance. The letter stated: "To take advantage of this settlement, your payment must reach this office by 07-19-05."

On July 5, 2005, Captain's attorney (Steven Halbert, who knows the FDCPA very well) called ARS "to check on the amount of the debt so as to ensure that it was accurately listed on the bankruptcy petition he was preparing for Mr.

Captain." He spoke with a debt collector from ARS named "Ms. Lucia." Compl. ¶ 6. Ms. Lucia allegedly told Halbert that if the debt were not paid within two weeks of the initial collection letter, a $15 per day charge would be added to the account. *Id.*

*Legal Allegations*

On October 12, 2005, Captain filed this action. Count I of the complaint alleges that ARS violated 15 U.S.C. § 1692e by falsely claiming that it would add a $15 daily charge to the account balance when no such charge could in fact be added. Compl. ¶ 9. 15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Count II of the complaint alleges a violation of 15 U.S.C. § 1692g, which requires that a debt collector, within five days of its first communication with a consumer, provide a validation notice informing the consumer that he or she has thirty days to challenge the validity of all or part of the debt and to seek verification of the debt. Captain alleges that even though the initial collection letter had an effective validation notice as required, this notice was contradicted or overshadowed when Lucia informed attorney Halbert that if the debt were not paid within two weeks, a late charge would be added to the account balance. Compl. ¶ 13. Captain alleges: "This would confuse a consumer by creating a false sense of urgency as to whether the consumer had to act before expiration of the

30-day validation period, or whether they [sic] had the full 30 days to dispute the validity of the alleged debt." *Id.*

Count III of the complaint alleges that the collection letter was false and misleading and thus violated 15 U.S.C. § 1692e because the settlement offer said that the 70% payment "must reach this office by 07-12-05," when in fact ARS and Citibank would have been willing to settle the debt at any time. Compl. ¶ 16.

*Discussion*

I.  *Statements to Debtors' Attorneys*

Both of the alleged violations in Counts I and II of the complaint are based on the statement the ARS debt collector allegedly made to Captain's attorney over the telephone, that if the debt were not paid within two weeks, a daily charge of $15 would be added to the account. ARS assumes for purposes of its motion that this false statement was made to the attorney. ARS argues that such communications with a debtor's attorney are not actionable under the FDCPA. The court agrees, following the substantial weight of persuasive authority among courts that have considered the question.

Neither the Supreme Court, the Seventh Circuit, nor any federal Court of Appeals has squarely addressed and decided this issue – whether communications to a debtor's attorney are actionable under the FDCPA. The statutory language

also does not resolve the issue. The Act provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Captain argues that this broad language is not limited and does not specifically exclude communications to an attorney for the debtor. The Act does expressly prohibit debt collectors from communicating directly with a debtor when the collector knows the debtor is represented by an attorney with respect to the debt (subject to certain exceptions). 15 U.S.C. § 1692c(a)(2). The FDCPA defines the term "communication" to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One could argue that the phrase "directly or indirectly" means that a communication to a debtor's attorney is an indirect communication of information to the debtor.

The guidance from the statutory language is not specific, however, and the purposes of the FDCPA certainly do not require that the Act be construed to apply to communications with lawyers. One of the primary purposes of the FDCPA is to protect debtors against debt collection abuses. 15 U.S.C. § 1692(e) (statement of Congressional findings and purposes). See also *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) ("The FDCPA is designed to protect against abusive debt collection practices which would likely disrupt a debtor's life."); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997) ("The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including

threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process.").

Although no federal Court of Appeals has directly decided this issue, the Second Circuit has adopted this reasoning in dicta: "Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Kropelnicki v. Siegel*, 290 F.3d 118, 127-28 (2d Cir. 2002). This reasoning is persuasive. It comports with the purpose of the FDCPA – protecting debtors from debt collection abuses.[1]

In addition, it would anomalous, to say the least, to apply the standards of the FDCPA to communications with an attorney. It is well established in the Seventh Circuit, for example, that courts evaluate communications with a debtor according to whether it would mislead or deceive an "unsophisticated consumer." *E.g., Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). The unsophisticated consumer standard is an objective test; courts ask whether the debt collector's communication would deceive or mislead an unsophisticated but reasonable consumer. *E.g., Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). It would make little sense to apply this standard to a

---

[1]Here, the alleged violations of the FDCPA occurred during a phone call Mr. Captain's attorney had initiated himself. This fact lends support to the idea that "the attorney, rather than the FDCPA, will protect the consumer . . . ." *Kropelnicki*, 290 F.3d at 127-28.

debt collector's communications with a licensed attorney, where the issue would be whether the communications would be deceptive or misleading for a hypothetical person who did not actually receive the communications intended for a real human being with a high level of financial and legal sophistication.

All but one of the district courts that have addressed this issue in readily available opinions have come to the same conclusion, holding that communications between a debt collector and the debtor's attorney are not actionable under the FDCPA. *E.g., Lauer v. Mason, Silver, Wenk & Mishkin, LLC*, No. 05 C 3911, 2006 WL 1005090, at *2 (N.D. Ill. Apr. 17, 2006); *Hill v. Mutual Hospital Service, Inc.*, No. 1:05CV0980-SEB-VSS, 2005 WL 3370573, at *4 (S.D. Ind. Dec. 9, 2005); *Diesi v. Shapiro*, 330 F. Supp. 2d 1002, 1004 (C.D. Ill. 2004); *Zaborac v. Phillips & Cohen Assocs.*, 330 F. Supp. 2d 962, 966-67 (N.D. Ill. 2004); *Tromba v. M.R.S. Assocs., Inc.*, 323 F. Supp. 2d 424, 428 (E.D.N.Y. 2004); *Young v. Manley*, No. 99 C 5569, 2000 WL 1280968, at *3 (N.D. Ill. Sept. 7, 2000); *Phillips v. North American Capital Corp.*, No. 98 C 7538, 1999 WL 299872, at *3 (N.D. Ill. Apr. 30, 1999); *Ringer v. Credit Bureau, Inc. of Georgia*, No. 83-134-PA, 1983 U.S. Dist. LEXIS 20346, at *3 (D. Ore. Oct. 17, 1983).

Captain relies on cases that have applied the FDCPA to communications with debtors' attorneys, without addressing the specific question. That was the case in *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995), which held that the Act, after it was amended to eliminate an exception for lawyers, applied to lawyers suing to

collect consumer debts. The Supreme Court affirmed the Seventh Circuit's decision on this issue in *Jenkins v. Heintz*, 25 F.3d 536 (7th Cir. 1994). The specific issue presented in the *Jenkins* case was whether the term "debt collector" in the FDCPA includes an attorney who is suing to collect a consumer debt. It appears that the specific communication at issue was from the creditor's lawyer to the debtor's lawyer offering to settle for a payment that included some disputed elements. See *Jenkins v. Heintz*, 124 F.3d 824, 835 (7th Cir. 1997) (affirming summary judgment after remand, on other grounds). Neither the Supreme Court nor the Seventh Circuit addressed the role of the debtor's attorney. The issue presented here simply did not arise. Neither opinion should be treated as binding authority on an issue that did not arise and was not addressed. The same is true of *Paulemon v. Tobin*, 30 F.3d 307 (2d Cir. 1994).

The other cases cited by Captain either did not explain their conclusions or do not support his claim. In *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1105 (D. Ore. 2000), the court held that statements made to a consumer's attorney were actionable under the FDCPA. In that case however, the court did not articulate its reasoning but rather referred back to findings and recommendations made by a magistrate judge in an unpublished opinion. Captain also cites *Clark's Jewelers v. Humble*, 823 P.2d 818 (Kan. Ct. App. 1991) and *Clark v. Bonded Adjustment Co., Inc.*, 204 F.R.D. 662 (E.D. Wash. 2002). In *Clark's Jewelers*, the court found that the defendant violated the FDCPA by communicating with the debtors despite knowing that they were represented by

counsel. 823 P.2d at 820-21. In that case, the communications happened to be letters directed to the debtors but sent to the care of the attorney. The issue presented here – whether communications directed to a debtor's attorney are actionable under the FDCPA – did not arise. Finally, in *Clark*, the court granted plaintiffs' class certification motion; in the context of rejecting the defendant's argument that typicality would be defeated by the possibility of plaintiff's counsel becoming a witness at trial, the court stated in a footnote that "there is no distinction to be drawn between communications to [the consumers] and to their counsel." 204 F.R.D. at 665 n.2. That case does not support Captain's claim either.

In light of the Second Circuit's observations in *Kropelnicki v. Siegel*, 290 F.3d 118, 127-28 (2d Cir. 2002), and the weight of district court authority cited above, the court finds that the alleged communication to the plaintiff's lawyer is not subject to the FDCPA as a communication to a debtor.

II.     *Limited-Time Settlement Offers*

This court has previously rejected claims identical to Captain's Count III, which alleges that a limited-time settlement offer would mislead a debtor where the creditor would in fact be willing to extend the deadline or to settle for a little less than the initial offer. See *Headen v. Asset Acceptance, LLC*, 383 F. Supp. 2d 1097 (S.D. Ind. 2005) (dismissing original complaint), and 2006 WL 839482 (S.D. Ind. March 28, 2006) (dismissing amended complaints and entering final

judgment), consolidated appeals pending, Docket No. 06-2223. As the parties agreed at a March 6, 2006 status conference, this court treats its reasoning in *Headen* as controlling Count III, though that reasoning remains subject to appeal. Accordingly, Count III is dismissed for the reasons stated in *Headen*.

*Conclusion*

For the reasons explained above, defendant's motion to dismiss is granted. The dismissal is without prejudice to plaintiff's ability to file an amended complaint no later than August 4, 2006. If no amended complaint is filed, the court will enter final judgment dismissing the action with prejudice.

So ordered.

Date: July 7, 2006

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven James Halbert
shalbertlaw@aol.com

David Luther Hartsell
MCGUIRE WOODS LLP
dhartsell@mcguirewoods.com

Brian Patrick O'Meara
MCGUIRE WOODS
bomeara@mcguirewoods.com

David J. Philipps
GOMOLINSKI & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
GOMOLINSKI & PHILIPPS, LTD
mephilipps@aol.com