UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN I. CAPTAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 1:05-cv-1515-DFH-TAB |
| ARS NATIONAL SERVICES, INC., a | ) |
| California corporation, d/b/a Associated | ) |
| Recovery Systems, | ) |
| | ) |
| Defendant. | ) |

ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

This Fair Debt Collection Practices Act (FDCPA) case returns to this court for a third round of motions practice. Plaintiff Kevin Captain has sued ARS National Services for violating the FDCPA, 15 U.S.C. § 1692 *et seq.*, when ARS attempted to collect on a debt that Captain owed to Citibank. The court previously granted ARS's motion to dismiss, but the Seventh Circuit reversed. *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007). After remand, the court denied ARS's second motion to dismiss. Now Captain and ARS have both moved for summary judgment on the one remaining claim: that an ARS employee violated the FDCPA by telling Captain's bankruptcy lawyer that if a delinquent credit card debt were not paid immediately, the creditor would begin applying an additional charge of $15 per day. For reasons explained below, Captain's motion is granted and ARS's motion is denied.

*Summary Judgment Standard*

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).   Summary judgment is appropriate when there are no genuine issues of material fact, leaving the moving party entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). To prevail, the moving party must show that there is no genuine issue of material fact.  See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof on an issue at trial and the motion challenges that issue, the non-moving party must come forward with evidence of specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e)(2); see also *Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999).

A factual issue is material only if resolving the factual issue might change the suit's outcome under the governing law.  See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented.  See *id.*  In deciding a motion for summary judgment, a court may not assess the credibility of witnesses, choose between competing inferences, or balance the relative weight of conflicting evidence; the court must view all the evidence in the record in the light reasonably most favorable to the

non-moving party and resolve all factual disputes in its favor.  See Fed. R. Civ. P.

56(c); *Anderson*, 477 U.S. at 249-50.

*Facts for Summary Judgment*

Most of the material facts in this case are undisputed.  Kevin Captain had

a credit card issued by Citibank.   Captain became delinquent in paying the

account in 2004.   On February 9, 2005, Citibank informed Captain that his

balance due was $734.41.  Dkt. No. 100, Ex. B.  Captain's statements indicate

that Citibank stopped charging interest to his account at least by February 2005.

*Id.*

Eventually the account was referred to defendant ARS for collection.   On

June 14, 2005, ARS sent Captain a letter indicating a balance of $734.41.  The

ARS letter offered to settle his debt for $514.09 by July 19, 2005, and warned that

"if payment is not made, collection efforts as well as interest will continue on this

account."  Dkt. No. 100, Ex. D.  Captain forwarded this letter to his bankruptcy

attorney, Steven Halbert.

Halbert noticed that the ARS letter indicated that interest would "continue"

even though the balance was unchanged.  Halbert Dep. 54-55.  Halbert thought

this statement was false because interest had stopped accruing on Captain's

account.  See Dkt. No. 100, Exs. B, C, D (account statements showing no change

-3-

in balance).  On July 5, 2005 Halbert called ARS and spoke with an individual who identified herself as Lucia.  Halbert Dep. 60-61.  What happened next is the focus of the parties' only factual argument.

Captain relies on attorney Halbert's testimony that Lucia told him that the account balance was $734.41 and that a $15 per day charge would be added to the account if the balance was not paid within two weeks.  Halbert Dep. 62-63. ARS tries to dispute this point, claiming that no ARS employee told Halbert that a $15 per day charge would be added to the account.  Its only evidence to support this argument is a declaration from ARS vice president and general counsel Timothy Collins.   Collins testified that ARS requires collection employees to complete an FDCPA training course and that employees are not permitted to make false statements about an account.  He also testified that ARS cannot locate the employee who spoke to Halbert, but that the employee made no notes in Captain's file suggesting that she discussed a $15 per day fee.  Dkt. No. 106, Ex. A.

The rest of the facts are undisputed.  Halbert followed up his conversation with a fax to ARS stating that Lucia told him that a $15 per day fee would be added to the account.  Dkt. No. 100, Ex. F.[1]  ARS did not respond to the fax. Halbert Dep. 69.  Halbert testified that he was "pretty sure" that ARS did not have the legal right to charge a $15 per day fee, but he was unsure if ARS would

---

[1]ARS correctly points out that Halbert's fax would be hearsay if offered to prove that Lucia threatened the $15 per day charge.

attempt to charge the fee nonetheless.  Halbert Dep. 79.  Captain never agreed to pay Citibank the $15 fee.  Captain Dep. 30.

*Procedural History*

Captain filed a three-count complaint on October 12, 2005.  Dkt. No. 1. Count I alleged that ARS violated § 1692e when it told Halbert that it would add a $15 per day fee to Captain's account.  Count II alleged that ARS violated § 1692g, which requires that the debt collector provide a validation notice informing the consumer that he has thirty days to challenge the validity of a debt and seek verification of a debt.  Count III alleged that ARS's initial collection letter was false and misleading in violation of § 1692e because it informed Captain that the settlement offer would be open only until July 19, 2005, even though ARS would have been willing to extend that date.

On July 7, 2006, the court granted ARS's motion to dismiss the complaint. Dkt. No. 30.  The court reasoned that ARS's statements to Captain's lawyer were not actionable under the FDCPA and that settlement offers are not misleading merely because they fail to disclose that the debt collector is willing to negotiate the terms of the offer.  The Seventh Circuit reversed in an opinion that addressed several similar cases.  *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007).  On remand, ARS moved to dismiss Counts I and II.  Captain agreed that Count II should be dismissed, and it was dismissed, but the court denied

ARS's motion to dismiss Count I.  Dkt. No. 65.  Captain later moved to amend his

complaint to dismiss Count III.[2]  Captain also sought to add a new count claiming

that ARS violated the FDCPA when it suggested in its initial letter to Captain that

interest was accruing on his account.  Magistrate Judge Baker granted Captain's

request to remove Count III and denied his attempt to add a new count.  Dkt. No.

97.  The court has federal question jurisdiction under 28 U.S.C. § 1331 and

15 U.S.C. § 1692k(d).

*Discussion*

Each side has moved for summary judgment on the Count I claim that ARS

violated the FDCPA when it told Halbert that it would charge $15 per day to

Captain's account if he did not pay his balance within two weeks.[3]  Captain has

also asked the court to determine that ARS cannot invoke the FDCPA's "bona fide

error" affirmative defense.   See 15 U.S.C. § 1692k(c).   Captain's motion for

---

[2]This request was made after Captain went through the effort of successfully appealing this court's dismissal of Count III.  Captain claims that he sought dismissal of Count III because *Evory* required him to conduct a survey to show that the letter that ARS sent to him was deceptive.  See 505 F.3d at 776-77. Captain says he cannot afford the required survey, though similar settlement-offer cases are proceeding with survey evidence after *Evory*.

[3]Captain also seeks summary judgment on his "claim" that ARS violated the FDCPA when it stated in its letter to Captain that interest was accruing on his account.  Judge Baker denied Captain's motion to add this claim to his complaint. Captain "raises the argument here to preserve it for the record."  Dkt. No. 100 at 11.  Captain's motion for summary judgment on this "claim" is denied.  Captain could have objected to Judge Baker's ruling pursuant to Federal Rule of Civil Procedure 72(a), but he did not do so.

summary judgment on these two issues is granted. ARS's motion for summary
judgment on Count I is denied.

I.      *The Threatened $15 Per Day Fee*

The first question is whether ARS has raised a genuine issue of material fact
as to whether its employee actually threatened to impose the $15 per day fee, as
Halbert testified. There are only two pieces of evidence on this issue: Halbert's
testimony that the statement was made and the declaration from ARS's general
counsel stating that ARS has no record of the statement. Rule 56(e)(2) requires
a party opposing a properly supported summary judgment motion to come forward
with "specific facts showing a genuine issue for trial." The Seventh Circuit has
repeatedly explained that a party cannot raise a genuine issue of fact by merely
suggesting that a jury might not believe the testimony offered by the opposing
party. *E.g., Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1181-82 (7th Cir. 2002)
(reversing denial of judgment as a matter of law); *Massey v. Blue Cross-Blue Shield
of Illinois*, 226 F.3d 922, 926 (7th Cir. 2000) ("It is always possible, of course, that
the jury might have disbelieved everything Amico said, but we routinely deny [sic]
summary judgments based on that kind of hope, and consistency requires us also
to reject that possibility as a way of saving the jury's verdict.")[4]; *Corrugated Paper
Products, Inc. v. Longview Fibre Co.*, 868 F.2d 908, 914-15 & n.7 (7th Cir. 1989)
(affirming summary judgment and collecting cases holding that hope for a

_____

[4]In the quoted sentence in *Massey*, the Seventh Circuit must have meant
"we routinely deny *appeals from* summary judgments based on that kind of hope."

credibility challenge is not sufficient to deny summary judgment); *Radio City Music Hall Corp. v. United States*, 135 F.2d 715, 718 (2d Cir. 1943) (L. Hand, J.) (affirming summary judgment for plaintiff based on its uncontradicted deposition testimony).

ARS has presented no evidence calling Halbert's credibility into question. On summary judgment, the court must assume that he is credible.  Credibility questions may prevent summary judgment only if "the credibility of the movant's witnesses is challenged by the opposing party and specific bases for possible impeachment are shown." *Cameron v. Frances Slocum Bank & Trust Co.*, 824 F.2d 570, 575 (7th Cir. 1987), quoting 10A Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2726 (2d ed. 1983).

The declaration submitted by the general counsel of ARS does not create a genuine factual dispute.  The declaration states only that it would have been against ARS policy to make the statement and that ARS has no record of the statement.  The evidence does not come from anyone with personal knowledge that could contradict Halbert's testimony.  When compared to Halbert's specific testimony that the statement was made (and absent evidence undermining his credibility), no reasonable jury could conclude that the ARS employee did not make the statement.  For purposes of both parties' motions for summary judgment, the court deems the fact undisputed that the ARS employee told

Halbert that a $15 per day fee would be added to Captain's account if it was not paid within two weeks.

The next issue is whether the statement creates liability under 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute includes as one example of a violation a "threat to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(5). Section 1692e applies to communications directly to consumer-debtors, and the Seventh Circuit has held that a communication to a consumer is deceptive if it would confuse the "unsophisticated consumer." See, *e.g.*, *Evory*, 505 F.3d at 774.

In addressing Captain's case in the *Evory* opinion, the Seventh Circuit held that § 1692e also applies to communications to lawyers. The court said that deceptive communications to lawyers create liability under the FDCPA if they would deceive "a competent lawyer." *Id.* at 775. The same standard applies to misleading representations, but the court suggested that false statements of fact may be treated the same whether made to a lawyer or a consumer:

> A false claim of fact in a dunning letter may be as difficult for a lawyer to see through as a consumer. Suppose the letter misrepresents the unpaid balance of the consumer's debt. The lawyer might be unable to discover the falsity of the representation without an investigation that he might be unable, depending on his client's resources, to undertake. Such a misrepresentation would be actionable whether made to the consumer directly, or indirectly through his lawyer.

*Id.* False statements of fact made to a lawyer are more likely to create liability, but not because they are subject to the "unsophisticated consumer" standard.  They are not; the "competent lawyer" standard applies.  Such statements are more likely to violate the law because the unsophisticated consumer and the competent lawyer have a similarly limited ability to determine if a statement of fact (rather than law) is false.

The statement in question here is difficult to classify as a statement of pure fact or pure law.  It refers to ARS's factual intentions to take a certain action.  It might also be understood as implying an assertion that the action would be lawful.  The court believes the threat to start imposing a $15 per day charge is best understood as a threat prohibited by § 1692e(5):  a threat to take any action that cannot legally be taken or that is not intended to be taken.  As the Seventh Circuit said in commenting on this case, "a threat to impose a penalty that the threatener knows is improper because unlawful is a good candidate for a violation of sections 1692d and e."  *Evory*, 505 F.3d at 778.  (Section 1692d prohibits harassing, oppressive, and abusive tactics to collect debts.)

The issue here is how best to apply the "competent lawyer" standard from *Evory* to the threat that was communicated to attorney Halbert.  The parties apparently agree that ARS did not intend to charge the fee, and the declaration attached to ARS's summary judgment response brief indicates that it is not its policy to charge such a fee.  Dkt. No. 106, Ex. A.  The threat was certainly

-10-

material.  Whether legal or not, the prospect of a $15 per day fee is very significant to an individual debtor's decision-making.  See *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009) (FDCPA does not protect against "statements that are immaterial in the sense that they would not influence a consumer's decision").

ARS argues that Halbert was not confused by the threat because he knew the charge would be illegal.  The cited testimony shows that Halbert doubted ARS's legal right to charge the fee but that he did not know whether ARS would actually charge it.  Halbert Dep. 79 ("I didn't believe that they had a legal right to do that; as to whether they were going to do that, I didn't know.").  All lawyers are familiar with the phenomenon of opposing parties who threaten to take actions that they are not legally entitled to take.  Parties often knowingly make threats of illegal action, hoping that the threat will intimidate the opposing party, who may not take comfort from the prospect of years of expensive and uncertain litigation to vindicate her rights.  Such threats can have real effects.  The FDCPA in general, and § 1692e(5) in particular, are aimed directly at such tactics in the context of collecting consumer debts, where power and resources are often, let us say, asymmetrical.  On this record, Halbert or any other lawyer in his position would have to take seriously the threat that was made.  The statement that a debt collector plans to add a $15 per day charge to an account (regardless of its legality) would, at the very least, mislead a competent lawyer about whether the company actually planned to add the charge. The undisputed facts show that ARS

-11-

violated § 1692e by telling Halbert that it would start imposing a $15 per day

charge on Captain's account if it were not paid in full within two weeks.


II.      *Bona Fide Error Defense*

Captain argues that ARS does not have sufficient evidence to support the

FDCPA's bona fide error defense.  See 15 U.S.C. § 1692k(c).  The defense provides

that:

> a debt collector may not be held liable in any action brought under this
> subchapter if the debt collector shows by a preponderance of evidence that
> the violation was not intentional and resulted from a bona fide error
> notwithstanding the maintenance of procedures reasonably adapted to
> avoid any such error.

Although ARS submitted a declaration stating that it was not its policy to tell

customers that it will charge a $15 per day fee, ARS has not contested Captain's

bona fide error argument.  Only Captain has addressed the issue, so ARS has

conceded the issue.  Captain is entitled to summary judgment on the defense.


*Conclusion*

Captain's motion for summary judgment is granted in part and denied in

part.  Dkt. No. 99.  It is granted as to Count I of the complaint and the bona fide

error defense and denied as to any claim based on the statement in the ARS letter

that interest was accruing to the account.  ARS's motion for summary judgment

is denied.  Dkt. No. 101.  The court will confer with counsel to schedule a trial on

damages or other means to conclude this matter.


So ordered.

Date: July 9, 2009

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-13-

-14-

Copies to:

David Luther Hartsell
MCGUIRE WOODS LLP
dhartsell@mcguirewoods.com

Brian Patrick O'Meara
MCGUIRE WOODS LLP
bomeara@mcguirewoods.com

Amy R. Jonker
MCGUIRE WOODS LLP
ajonker@mcguirewoods.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS LTD
mephilipps@aol.com